BYRON DIMON v. STEPHEN A. ARNOLD, ET AL.

Special Courts of Common Pleas have jurisdiction over actions for possession, brought by the purchaser of an estate under a power of sale contained in a mortgage thereof, against the mortgagor.

THIS case came up on certiorari from a Special Court of Common Pleas. The declaration sets forth, " that the defendants hold and occupy by wrongful detainer a lot of land with a dwelling house and other buildings thereon to the plaintiff belonging, (giving the boundaries.) Whereupon the plaintiff complains and says that at said Providence, on the 22d day of July, 1850, the said Stephen A. Arnold, being then the owner and possessor of the said estate by his mortgage deed of that date, conveyed to the plaintiff in fee and in mortgage the lot of land above mentioned, and to which mortgage deed was added a power of attorney from the said Stephen A. Arnold to the said Byron Dimon, authorizing him in the case default was made in the payment of the debt, mentioned in and intended to be secured by said mortgage, to sell the said estate at public auction and to convey the same in fee simple to the highest bidder therefor. And the said Byron Dimon afterwards on the     day of
1853, by virtue of said power, duly caused said estate to be sold at public auction and on the same day conveyed the same to Algernon Sidney De Wolf, who was the highest bidder therefor. And the said De Wolf afterwards on the     day of     , 1853, by his deed of that date,

Dimon v. Arnold, et al.

conveyed the same to the plaintiff in fee simple, and by virtue of the premises the plaintiff became and is entitled to the possession of the said estate ; yet the defendants refuse to deliver possession thereof to the plaintiff, but wrongfully hold and occupy the same and wrongfully detain the same from the plaintiff to the plaintiff's damage, &c."

To this declaration the defendant demurred and the demurrer was overruled in the Court below.

*Currey*, in support of the demurrer, contended. That the present act was passed to remedy the defects of the old act, which by construction had been confined to cases between landlord and tenant where the contract of letting had expired by lapse of time, the present extending to cases where the tenancy was terminated by the breach of any of the terms or conditions of the contract, but not embracing cases arising from any other relation than that of landlord and tenant. That the Court was to have cognizance " of actions for possession of tenements or estates let" and that these words were the key to those which followed in the same section, and showed the intent of the legislature to confine the remedy to persons who exercised the rights of a landlord over the premises of which possession was sought.

*Bradley* contra.

BY THE COURT. The section which we are called upon to construe, is as follows : " Special Courts of Common Pleas, in addition to the powers now confided to said Courts, shall have cognizance, concurrent with the or-

Dimon *v.* Arnold, et al.

dinary Courts of Common Pleas, of all actions for possession of tenements or estates let, against tenants or persons who have broken the terms or conditions of the lease or agreement under which they hold, and against tenants or persons who hold or occupy tenements or estates by wrongful entry or detainer." The words in the first part of this section imply the relation. of landlord and tenant and were intended to remedy the defects of the old statute, which had been held to authorize an action only after the expiration of the term. But the act goes on and gives cognizance of actions " against tenants or persons who hold or occupy tenements or estates by wrongful entry or detainer." If it was intended to confine the action for possession to estates let, it would be unnecessary to repeat the words " tenements or estates" in this clause of the section. The language is as comprehensive as words could make it ; and extends to every case where a person has wrongfully entered or, having rightfully entered, wrongfully detains any tenement or estate. This is a remedial statute and should be efficaciously administered, it was not intended to be confined to cases between landlord and tenant, and we think a fair interpretation of it cannot be satisfied without embracing this case.

Since this decision, the General Assembly have passed, at their September session 1853, an amendment to the act, above referred to, declaring that " nothing in that act shall be deemed to give to Special Courts of Common Pleas jurisdiction of any action founded on a deed of mortgage for the possession of estates." .